FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ DEC 27 2017 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

Tracey Marino individually and on behalf of all others similarly situated,

    Plaintiff,

v.

C. Tech Collection, Inc.

    Jury Demanded

    Defendant.

No.

CLASS ACTION

CV-17 7538

BIANCO, J.

LOCKE, M. J.

### Class Action Complaint for
### Violations of the Fair Debt Collection Practices Act

1. Plaintiff Tracey Marino ("Plaintiff" or "Marino") files this Complaint seeking redress for the illegal practices of Defendant, C.Tech Collection, Inc. ("Defendant" or "C.Tech"), in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

2. Among other violations, C.Tech has violated the Plaintiff and the putative class members' rights under the FDCPA by failing to provide them with the notices to which they are entitled by statute; by depriving them of their ability to fully resolve their alleged debts.

### Parties

3. Plaintiff Tracey Marino is a citizen of New York State who resides within this District.

1

4. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

5. The alleged debt of Plaintiff is a "debt" as defined by 15 U.S.C. § 1692a in that it is a debt alleged to be owed for personal, family, or household services. The alleged debt was incurred for medical services.

6. Defendant is regularly engaged in the collection of debts allegedly due to others.

7. Defendant is a "debt collector," as defined by FDCPA § 1692a(6).

### Jurisdiction and Venue

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

10. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

11. Venue is also proper in this district since Defendant transact business in this district.

### Factual Allegations

12. C.Tech alleges that Plaintiff owes a debt to Mather Hospital for medical services.

13. In an attempt to collect the alleged debt, on or about December 7, 2017 Defendant sent Plaintiff a debt collection letter. **(Exhibit A)**

14. <u>Exhibit A</u> seeks to collect a total debt of $1,010.79.

15. Exhibit A fails to indicate to Plaintiff that amount of the debt was going to continue to increase.

16. Exhibit A violates 15 USC 1692e, and various subdivisions thereto, in that it fails to inform the Plaintiff that interest was continuing to accrue on the account. *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. N.Y. 2016); *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 215-17 (2d Cir. 2017).

17. Mather Hospital sues patients for outstanding medical debts. In such lawsuits, Mather Hospital seeks to collect interest dating back from the date of service. **(See Exhibit B)**

18. Exhibit A violates the FDCPA, *Avila*, and *Carlin* in that the Plaintiff is misled as to the proper amount, character, and status of the debt.

19. Exhibit A does not disclose that if the Plaintiff did not pay the alleged debt, the Plaintiff would be liable for accruing interest.

20. Neither Mather Hospital, the Defendant, nor anyone on their behalf has informed the Plaintiff that Mather Hospital has permanently waived their right to charge interest on the account.

21. Exhibit A is deceptive, unfair and unconscionable and violates 15 USC 1692e, 15 USC 1692e(2), 15 USC 1692e(10), 15 USC 1692f, and 15 USC 1692f(1), in that it fails to inform the Plaintiff that interest may continue to accrue on the account.

22. Additionally, the initial letter the Defendant sent to the Plaintiff also did not include any reference to interest continuing to accrue. As such, it also violates 15 USC 1692e and its relevant subdivision. Additionally, the initial letter Defendant sent to the Plaintiff violates 15 USC 1692g(a) in that it fails to properly and effectively convey to Plaintiff the amount of the debt that is allegedly owed as specifically required by the FDCPA. Additionally, on information and belief, the initial letter did not properly convey the language required by 15 USC 1692g.

23. The Defendant also violated 15 USC 1692c(b) in that Defendant communicated with third parties in connection with the alleged debt by leaving messages on Plaintiff's answering machine which disclosed that the Defendant was a debt collector collecting a medical debt. At least one such message was overheard by a person in Plaintiff's residence while the message was being left. This caused the Plaintiff embarrassment and humiliation. This violated Plaintiff's right to privacy in the exact way the FDCPA was intended to prevent.

### *Class Action Allegations*

24. Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   a. Based on the fact that the collection letter at the heart of this litigation is a mass-mailed form letters, the class is so numerous that joinder of all members is impractical.

   b. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions include whether Exhibit A and the initial letter Defendant sent Plaintiff violate the FDCPA.

    c. The claims of Plaintiff are typical of the class members' claims. All are based on the same facts and legal theories. The only individual issue is the identification of the consumers who received the letter, (*i.e.*, the class members), which is a matter capable of ministerial determination from the Defendants' records.

    d. Plaintiff will fairly and adequately represent the class members' interests. All claims are based on the same facts and legal theories and Plaintiff's interests are consistent with the interests of the class.

    e. Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

25. A class action is superior for the fair and efficient adjudication of the class members' claims.

26. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k.

27. The class members are generally unsophisticated individuals unaware of the protections afforded them by the FDCPA, which rights will not be vindicated in the absence of a class action.

28. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

29. If the facts are discovered to be appropriate, Defendant will seek to certify a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

30. This Count is brought by Plaintiff, individually, and on behalf of a class that, according to Defendant's records, consists of: (a) all individuals who have mailing addresses within the United States; and (b) within one year before the

filing of this action; (c) were sent a collection letter in a form materially identical or substantially similar to <u>Exhibit A</u> attached to Plaintiff's Second Amended Complaint and/or the initial letter sent by Defendant; (d) which was not returned by the postal service as undeliverable.

31. Collection letters, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

## Violations of the Fair Debt Collection Practices Act

32. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

## Class Allegations Related to Exhibit A and/or the Initial Letter

33. By sending Exhibit A and/or the initial letter sent to Plaintiff, the Defendant violated 15 USC 1692g(a), 15 USC 1692e, 15 USC 1692e(2), 15 USC 1692e(10) and 15 USC 1692f, in that the Defendant did not properly and effectively convey the amount of the debt, and/or did not properly convey the language required by 15 USC 1692g.

34. By sending Exhibit A and/or the initial letter, the Defendant violated 15 USC 1692g(a), 15 USC 1692e, 15 USC 1692e(2), 15 USC 1692e(10) and 15 USC 1692f, in that the Defendant did not properly indicate to the Plaintiff that the alleged debt may continuing to accrue interest.

35. By sending Exhibit A and/or the initial letter, the Defendant also violated 15 U.S.C. §§ 1692 e, e(2), e(5), e(10), and f by falsely indicating that the Plaintiff owed a static amount not subject to interest.

36. Defendant's violations of 15 U.S.C. §1692, *et seq.*, render Defendant liable to Plaintiff and the Class.

37. As a result of Defendant's deceptive, insidious, and unfair debt collection practices, Defendant is liable to Plaintiff and the Class.

### Communicating with Third Parties

42. The Defendant is also liable to Plaintiff for violating 15 USC 1692c(b) for informing a third party that Plaintiff owed a medical debt.

**WHEREFORE**, Plaintiff asks that this Court enter judgment in her favor and in favor of the members of the Class, against Defendant, awarding damages as follows:

(A) Statutory damages as provided by § 1692k of the FDCPA;

(B) Attorneys' fees, litigation expenses and costs incurred in bringing this action;

(C) Declaratory relief declaring that Exhibit A and/or the initial letter Defendant sent Plaintiff violates the FDCPA; and

(D) Any other relief this Court deems appropriate and just.

### Jury Demand

Plaintiff demands trial by jury.

Dated: West Islip, New York
December 22, 2017

                              RESPECTFULLY SUBMITTED,

                              S/ JOSEPH MAURO
                              Joseph Mauro
                              The Law Offices of Joseph Mauro, LLC
                              306 McCall Ave.
                              West Islip, NY 11795
                              Tel: (631) 669-0921